IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

VERA ARNOLD                                                              PETITIONER

vs.                    Civil Case No. 1:05CV00050 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### DISPOSITION

Now before the court is Petitioner's Motion for Summary Judgment (DE # 5).  Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her conviction of a disciplinary on June 29, 2004, on the ground that she had been denied due process during the proceedings because the disciplinary expired before prison officials conducted a hearing.  Respondent has filed a Response, in which he asserts the petition should be dismissed because it fails to state a claim under § 2254 in that Petitioner did not lose any good time credits and, thus, the petition does not challenge the fact or duration of her

confinement. Respondent also argues that, even if the petition did state a claim under § 2254, it should be dismissed without prejudice because Petitioner has not exhausted her state remedies through a petition for a writ of mandamus pursuant to Ark. Code Ann. § 16-115-104 (Supp. 2003), or a petition for declaratory judgment under Ark. Code Ann. § 16-111-101, et seq. (1987). Respondent also argues the petition should be dismissed because the claims have no merit.

There is no need to determine whether Petitioner has a remedy still available in state court, because I find she has failed to state a claim for relief under § 2254. In Preiser v. Rodriquez, 411 U.S. 475, 484 (1973), the Supreme Court compared the habeas statutes with 42 U.S.C. § 1983. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Thus, § 2254 is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. In contrast, a § 1983 claim "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Id. at 499. Petitioner's punishment in this case-reduction in class, assignment to punitive isolation for thirty days and sixty

days of restrictions on her commissary, mail, phone and visitation privileges- are "conditions of confinement" and challenges to these sorts of punishment, which do not result in the loss of good time credits, must be brought under § 1983.  See Muhammad v. Close, 124 S.Ct. 1303 (2004)(finding that a § 1983 complaint challenging a disciplinary that resulted only in assignment to a more restrictive environment prior to a hearing and which did not assert a deprivation of good time credits "raised no claim on which habeas relief could have been granted on any recognized theory," and thus Heck v. Humphrey, 512 U.S. 477 (1994), did not apply.)  Because the petition in this case does not allege sufficient facts to establish subject matter jurisdiction under § 2254, it must be dismissed. See Khaimov v. Crist, 297 F.3d 783, 785-86 (8th Cir. 2002) (finding habeas petitioners' claims regarding prison mail and segregation were improperly brought under § 2254); Kruger v. Erickson, 77 F.3d 1071, 1073-74 (8th Cir. 1996) (dismissing habeas petition for lack of subject matter jurisdiction where prisoner did not make any colorable allegation that his underlying conviction was invalid or that he was otherwise being denied his freedom from incarceration).

In addition, I find Petitioner's allegations do not amount to the violation of a constitutional right under § 1983.  The United States Supreme Court has held that prison inmates only have a liberty interest in a condition of confinement if it "imposes atypical and significant hardship on the inmate in relation to the

4

ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." <u>Id.</u> at 485.  "In <u>Sandin</u> the Supreme Court held that thirty days of solitary confinement--as compared to administrative segregation, protective custody, and normal 'lockdown time' for inmates in the general population-'did not work a major disruption in [the inmate's] environment.'" <u>Key v. McKinney</u>, 176 F.3d 1083, 1087 (8th Cir. 1999).  Petitioner has not described any conditions in punitive isolation that would amount to atypical and significant hardships in relation to ordinary incidents of prison life.  Moreover, Petitioner's allegation that he was reduced in class does not amount to the assertion of a liberty interest protected by the due process clause, because the Supreme Court has found there is no statutory or constitutional entitlement to a certain classification.  <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n. 9 (1976).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.  All pending motions are denied.

SO ORDERED this 30th day of September, 2005.

_Henry L. Jones, Jr._
United States Magistrate Judge